FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK KINCHLER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　Respondent. | 2:20-cv-00133-SAB<br><br>**ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING HABEAS PETITION** |

Petitioner, a resident of Spokane, Washington, seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears Petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** that Petitioner's request to proceed *in forma pauperis* is **GRANTED.**

It does not appear this Court has jurisdiction to consider Mr. Kinchler's habeas petition. First, a petitioner for habeas corpus relief must name the person having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 441-42 (2004); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

**ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING HABEAS PETITION -- 1**

Here, it appears that Mr. Kinchler is not incarcerated, and he contends in his petition that he has already fulfilled any community custody obligations stemming from a conviction for a sex crime twenty years ago. Although he makes no assertion that he is obliged to register as a sex offender, the Ninth Circuit has recognized that such registration requirements do not render a petitioner "in custody" for purposes of habeas corpus jurisdiction. *See Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998).

The federal courts have jurisdiction to issue a writ of habeas corpus to someone who "is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Petitioner specifically states that he is not challenging a criminal sentence or conviction, but conditions imposed by a "civil court." Therefore, Petitioner does not meet the "in custody" requirement under section 2254. *See Maleng,* 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

It appears Petitioner is challenging conditions imposed by a civil court in a child custody matter. Matters involving family law/domestic relations are best deferred to the state. The state has a strong interest in domestic relations; state courts have relative expertise in this area and the ability to provide ongoing supervision; and it is undesirable to have potentially incompatible federal and state decrees in this area. *See, e.g., Ingram v. Hayes*, 866 F.2d 368, 369-70 (11th Cir. 1988) (per curiam); *DiRuggiero v. Rodgers*, 743 F.2d 1009, 1019-20 (3d Cir.

**ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING HABEAS PETITION -- 2**

1984); 13B Wright & Miller, Federal Practice and Procedure § 3609, at 461 (1984).

It is well established policy that the federal courts should abstain from exercising jurisdiction in domestic disputes. *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (decisions regarding the welfare of children have been traditionally left to the state and to the state courts.) *Cf. Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502 (1982). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).[1]

Based on Petitioner's prayer for relief, it appears his primary objective in filing this case is for this Court to overturn state court decisions regarding the custody of his daughter. His claims are a blatant collateral attack on state court decisions disguised as a habeas claim. This Court does not have habeas corpus jurisdiction to consider his claims.

Moreover, under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when constitutional claims are asserted. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.), *cert. denied*, 484 U.S. 802 (1987).

---

[1] "In keeping with this principle, 'federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife.' *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *see also Csibi v. Fustos*, 670 F.2d 134, 137-38 (9th Cir. 1982). Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters. *See, e.g., Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981); *Bergstrom v. Bergstrom,* 623 F.2d 517, 520 (8th Cir. 1980); *Huynh Thi Ahn v. Levi*, 586 F.2d 625, 632-34 (6th Cir. 1978); *Hernstadt v. Hernstadt*, 373 F.2d 316, 318 (2d Cir. 1967)." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

**ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING HABEAS PETITION -- 3**

Because it plainly appears from the petition that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. **IT IS FURTHER ORDERED** that all pending Motions are **DENIED as moot.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 17th day of April 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING HABEAS PETITION -- 4**